Good morning your honors. My name is Maria Christina Flores and I'm here on behalf of the petitioner Mr. Mao, Denghui Mao. Mr. Mao is a 54 year old married farmer from the province of Hebei, China. His wife and two adult sons remain in the People's Republic of China at this time. We are asking in this case that the petition for review be granted, that the agency decision be reversed, and that the case be remanded back to the immigration court either for a grant of relief in the form of asylum withholding of removal of the cat or for additional proceedings to take place. It's my position that there are two primary issues in this case. The first is whether the IJ and the board erred in making an adverse credibility determination, and the other is whether the IJ and the board erred in failing to find any past persecution or a well-founded fear of future persecution. The adverse credibility determination pertained only to the land sale aspect of the claim? That is correct, your honor. Yes. The IJ did not make an adverse credibility determination with respect to, let me call it the one child policy? No, the IJ did find that Mr. Mao's in its entirety was not credible. In fact, he found that Mr. Mao's family planning claim was inherently implausible, that it was inherently implausible that his wife would have been forcibly sterilized. So the IJ did make an adverse credibility claim as to both portions? That is correct, and the board found that that was clear error, and that was reversed. Right. So in front of us, your adverse credibility argument only deals with the land issue? Correct. So would you focus on the other half for at least a moment? The board says we take as credible everything he said, but it doesn't rise to the level of past persecution, correct? The board actually is maintaining also that the credibility lacks as to the political opinion claim, and that he failed to establish or meet the burden of past persecution or well-founded error. Right, but as to the one child claim? Yes. The board says we accept your testimony, does it not? Correct. But we don't think this stuff all adds up to past persecution? Correct. So deal with that. Tell us why it does add up to past persecution. It does deal, it does meet the burden of past persecution because Mr. Mao was arrested twice. He was detained for a total of 10 days. He was interrogated. He was beaten, not only by the police, but also by the inmates at the instigation of the authorities. He was fined, and it wasn't an insignificant amount. It was 5,000 yuan, which is about 60% of his annual income, which was 75 yuan as a wheat and a corn farmer. So it wasn't insignificant. I'm sorry, did the BIA consider this whole history of measures taken against him for his opposition to the one child policy, or did it just focus on the sterilization alone? The sterilization of his wife. I mean, did it take into account these whole series of things that you're telling us about? I believe they did consider it, and the reason that they found that there wasn't was there were some inconsistencies. The BIA says the respondent has not presented evidence that he was ever persecuted for trying to avoid the procedure or for arguing with family planning officials, but you just recounted a whole bunch of evidence that would amount to persecution. So how do we reconcile that? Mr. Mao did provide documentary evidence concerning the coerced sterilization. There was a sterilization certificate. There was a family planning fine. And the BIA accepts that. The BIA says we find it clearly erroneous, the IJ's finding, that there wasn't a forced sterilization. What I think Judge Wardlow was asking, I hope, is what else was there that the BIA didn't discuss? Right? I don't see any discussion here of the fine. Is there a discussion of the fine in the BIA decision? There was a discussion of the fine. There was no documentary evidence. Mr. Mao testified that after his wife paid the fine that she was given a receipt. However, at some future point, the receipt was lost. So there was no... No, I'm not asking what evidence was in front of the IJ. I'm asking if the BIA ever discussed that. I'm looking at the BIA decision. Right. So the way we're looking at it is since the BIA made its own findings and didn't simply adopt the IJ decision, we're reviewing the BIA decision. So we're looking at the BIA decision to see if it stands up and takes account of all the evidence that was submitted. So again, I ask, is there a discussion in the BIA? I've looked at it before and couldn't find it. But one of the things you're saying is all these things together add up to persecution. The BIA says, yes, your wife was sterilized. Yes, you went to hiding, et cetera, et cetera. But there's some things I think they don't discuss. And I'm just trying to figure out if I'm right on that. Is the fine and its impact discussed by the BIA? I believe it was. In the BIA decision? I believe it was mentioned. Okay. Well, it'll speak for itself. It was mentioned in the IJ, but we're reviewing the BIA decision now. Because the IJ went off on average credibility, but the BIA undid that. And so then it should have taken everything that he said as true. And there was a whole your best argument to be. And I think it's the argument you're making, but maybe I'm wrong. Which is that the BIA undid the adverse credibility determination by the IJ, and therefore we ought to take his testimony as true. And the question is whether his testimony taken as true adds up to past persecution. And in determining that, it seems to me we need to look at all of his testimony, including the fine and everything else he testified about. And when the BIA discussed it, I'm not sure they discussed all the testimony. Now, that's my operating premise, so I'm trying to see if you and your opponent can help me with that. Wasn't he fined for having a second child? Yes, there were two fines of 5,000 rand. He was fined for that. That's in the record, right? Yes, that's in the record. But not in the BIA decision, is it? I don't know that they referred to it specifically. It would help you if it's not there. You read the BIA decision? I mean, that's what we're reviewing. Do you want to take some time to look at it? You want to reserve your last two minutes? Yes. Okay, why don't you sit down and take a look at the BIA decision, and then we will hear from the government. Maybe Ms. Chain can tell us what the BIA considered and didn't consider in its decision. Good morning, Your Honors. May it please the Court, my name is Linda Chang, and I represent the Attorney General. With regards to your questioning of opposing counsel, it does not appear that the Board specifically discussed every piece of evidence that the Court Well, that's an important piece of evidence, though, isn't it? If he was fined what appears to be a substantial amount in terms of a Chinese worker's income, isn't that evidence of persecution? That is one piece of evidence. And the Board doesn't discuss it. So the Board says, the Board discusses, we agree with his conclusion that he hadn't established it was based on the policy because he only hid for a week and it was his wife who was sterilized, and there was no evidence that he was ever persecuted. And then it goes on. But there is some evidence that he was persecuted. He was fined. Your Honor, the Board does not need to provide an exegesis on every piece of evidence that it considers, and we would not presume that it has ignored anything in the record. But isn't that evidence of other resistance that we've discussed in our cases? I'm thinking Zhang and a few others. I mean, we have several cases on that. There's like a period where the spouse is showing resistance to the family planning policy, and he's beaten for that or fined for that, that that is evidence of other resistance that would amount to persecution. Yes, Your Honor, that is one factor that this Court has looked at that could satisfy the other resistance element. However, in Zhang, as you mentioned, there were a whole series of other acts that that petitioner also partook in. They married when they were underage. They continued to have the ceremony. It was broken up, and they still... But the issue in front of us is not whether or not if we were on the Board we would find this to be past persecution, I think. The issue in front of us is whether the Board, in finding it not to be past persecution, didn't consider some evidence. And there's evidence that they had a second child in defiance of the policy after some previous difficulties, and then he was fined. And that seems to me evidence that the Board ought to consider in arriving at its decision. And you're saying, well, they don't have to tell you they've considered it. And that's why I'm having some difficulties. Could you respond to that? I understand your difficulty because the Board doesn't spell it out and articulate every piece of evidence, although we would not presume that it has ignored anything. It gives us the impression that they didn't consider it. I saw a whole host of other evidence. They had the first child. Then the authorities forced the wife to use an IUD. They still had the second child without informing the planning agency. He refused to comply with the sterilization orders. He argued with officials in an effort to prevent the procedure. It was still performed anyway. He was forced to pay a fine that amounted to two-thirds of his annual income. Planning officials then came to his home, and that's when they fled. This seems like there's so much more to this picture than what the BIA appears to have considered. With a series of incidents, it's important to also parse it out between acts that were actually done to Petitioner, because it is his claim that we must look at, and whether or not he was persecuted. He was not sterilized. He was not... So you're telling me that if they do horrible things to the wife, that it doesn't affect the husband? Is that what you're saying? No, Your Honor. I'm saying that that is to be considered. However, it is not the bulk of his claim, though. Right, but he has a claim of personal persecution. He says the authorities... They came to his home. They came to his home, didn't they? Yes, they did. To enforce compliance. And they forced his wife to wear an IUD, right? Yes, that is... And officials came to his home to make sure that she was complying. And then he and his wife felt so threatened about this sterilization that they fled their home and went into hiding in some distant area. Is that right? Yes, that is... They lived in a kind of a hut of some sort, right? Something like that, Your Honor. Yeah, yeah. Now, we all start from the premise that, and I think you're right in saying that the persecution of the wife by itself is not enough to establish persecution of him. But he makes more claims than that. And the BIA discusses only some of them. And you're saying we should assume that they paid attention to all of them. But that's hard in a case where the BIA doesn't adopt the IJ's decision. Because the IJ rejected them by saying, I don't believe you. And the BIA said, no, no, that's clearly erroneous. But even if it was clearly erroneous, it doesn't add up to enough. And then they don't go on to discuss the stuff that deals directly with him. So why shouldn't we send it back to them and say, take a look at the stuff that deals with him. You might find it that doesn't arise to pass persecution. That's up to you in the first instance. But at least we'll know you've considered it. That's my dilemma. That's not... That's a question, but it's also my dilemma with the case. It may well be that at the end of the day, this stuff, the BIA could find this stuff doesn't all add up to pass persecution. But it's not clear that it isn't. And there's extra facts it never discussed. So what do we do with a case like that? That's my question. I understand your concern, Your Honor. But like I've stated, our position is that we believe that the board has looked at all the evidence. If you believe that otherwise, yes, it would, it could be sent back for a decision in the first instance on that. We have many cases where we do grant asylum. We do grant relief where the forced sterilization causes people to flee and come to this country. We've been generous in offering those, saying that those folks have the ability to stay here and be protected. Yes, there have been cases like that. A lot of cases like that. I don't know why this one should be any different. And in this, this seems, in my mind, more egregious than many that I've seen where relief was granted. Again, Your Honor, each case turns on the facts. I know that. I know that. But anyway, we, I think we've been ruminating here. Did you have something you wanted to close with? No, just in conclusion, we believe that nothing in the record compels a contrary conclusion to the agency's decision. So thank you very much, Counsel. Thank you. You had a couple minutes left, Ms. Flores. Yes, Your Honors. I believe you are correct. There is no specific reference in the BIA decision concerning the fine. We would... What remedy are you asking for? Pardon me? What remedy are you asking for? We're asking that the petition be, for review be granted, that it be remanded, either for the outright grant of asylum or for additional proceedings to take place. Right. Thank you very much, Counsel. Thank you. Thank you. Now, Bruce's lynch will be submitted.
judges: Pregerson, Wardlaw, Hurwitz